UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Civil Action No. ___8:20-cv-01099___

RAYMOND P. BEGUHN

    Plaintiff,

v.

AARC, LLC d/b/a ADVANCE AMERICA,

    Defendant.
_____/

## COMPLAINT

NOW COMES RAYMOND P. BEGUHN, through undersigned counsel, complaining of ADVANCE AMERICAAARC, LLC d/b/a ADVANCE AMERICA as follows:

### NATURE OF THE ACTION

1. This is an action seeking redress for alleged violation(s) of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*. and the Florida Consumer Collection Practices Act (the "CCPA"), Fla. Stat. § 559.55 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

5. RAYMOND P. BEGUHN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Clearwater, Florida.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

8. AARC, LLC d/b/a ADVANCE AMERICA, ("Advance America") is a limited liability company organized and existing under the laws of Delaware.

9. Advance America has its principal place of business at 135 North Church Street, Spartanburg, South Carolina 29306.

10. Advance America is a "person" as defined by 47 U.S.C. § 153(39).

11. Advance America is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2145.

13. At all times relevant, Plaintiff's number ending in 2145 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

15. Plaintiff entered into an advance loan from Advance America – borrowing $1,100.00.

16. Per the loan agreement, Plaintiff agreed pay off principal plus interest.

17. Because of financial hardship, however, Plaintiff did not pay back this loan.

18. Plaintiff's unpaid balance is a "debt" as defined by Fla. Stat. § 559.55(6).

19. Plaintiff's unpaid balance is a "consumer debt" as defined by Fla. Stat. § 559.55(6).

20. Instead, Plaintiff sought third-party debt consolidation assistance to aid him in settling this debt.

21. Two months ago, Plaintiff started to receive phone calls from Advance America.

22. On multiple occasions, Plaintiff answered.

23. Each time Plaintiff answered, Plaintiff was met by noticeable clear pause prior to being connected to an agent.

24. Advance America informed Plaintiff that they were seeking payment on Plaintiff's loan balance.

25. Plaintiff sought to explain that he engaged third-party services to resolve Plaintiff's outstanding obligations; and the third party should be making payment.

26. Advance America's agent acknowledged that they have that information; apologized and informed Plaintiff that they will communicate with Plaintiff's debt consolidation company directly.

27. Or so Plaintiff thought.  Plaintiff started to receive additional collection phone calls from Advance America at an alarmingly high rate.

28. On April 4, 2020, Plaintiff answered Advance America's call from (813) 424-3083.

29. Plaintiff reiterated that they knew Plaintiff retained third-party services to deal with this debt – to stop calling.

30. Unfortunately, these phone calls continued.

31. On April 10, 2020, Plaintiff answered once more – this time also from (813) 424-3083.

32. Frustrated, Plaintiff told Advance America "STOP CALLING ME!"

33. In response, Advance America's representative informed Plaintiff that they will continue to call till Plaintiff's loan is paid back.

34. In spite of Plaintiff's requests, Plaintiff continues to receive phone calls from numbers leading back to Advance America – including, (813) 207-1201; (813) 424-3083; (813) 424-3084; (850) 397-1511; and (850) 739-7007 on:

>   03/18/2020 at 08:08 AM
>   03/18/2020 at 03:25 PM
>   03/18/2020 at 07:03 PM
>   04/08/2020 at 08:36 AM
>   04/08/2020 at 02:31 PM
>   04/08/2020 at 04:54 PM
>   04/09/2020 at 02:26 PM
>   04/09/2020 at 06:01 PM
>   04/10/2020 at 08:22 AM
>   04/11/2020 at 12:10 PM
>   04/13/2020 at 08:55 AM
>   04/13/2020 at 03:35 PM
>   04/15/2020 at 08:41 AM
>   04/15/2020 at 02:43 PM
>   04/15/2020 at 08:23 PM
>   05/04/2020 at 02:12 PM
>   05/05/2020 at 02:48 PM
>   05/06/2020 at 08:38 PM
>   05/06/2020 at 02:17 PM
>   05/06/2020 at 03:06 PM
>   05/06/2020 at 04:49 PM
>   05/07/2020 at 08:23 AM
>   05/11/2020 at 08:13 AM
>   05/11/2020 at 12:15 PM
>   05/11/2020 at 04:12 PM
>   05/11/2020 at 08:50 PM

35. On some days – including, but not limited to on March 18, 2020, April 8, 2020, May 6, 2020, May 7, 2020, and May 11, 2020, Plaintiff received at least three phone calls.

36. All in all, Advance America placed (or caused to be placed) no less than 26 unwanted, unconsented-to phone calls to Plaintiff in spite of Plaintiff's multiple request(s) that they stop.

**DAMAGES**

37. Advance America's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

38. Concerned with having had his rights violated, Plaintiff was forced to retain counsel and incur reasonable necessary attorney's fees to vindicate his rights.

39. Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys to put an end to Advance America's unlawful collection practices.

**CLAIMS FOR RELIEF**

**COUNT I:**
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**

40. Paragraphs 12 through 39 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

41. Advance America placed or caused to be placed no less than 26 non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone number using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

42.   Upon information and belief, based on the "clear pause" when Plaintiff answered, Advance America employed an ATDS to place calls to Plaintiff.

43.   Upon information and belief, the ATDS employed by Advance America transfers calls to an agent once a human voice is detected, hence the clear pause.

44.   Upon information and belief, the ATDS employed by Advance America has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

45.   As plead above, Plaintiff revoked consent to be called on Plaintiff's cellular telephone on multiple occasions on phone calls he answered.

46.   As plead above, Plaintiff was severely harmed by Advance America's collection calls to Plaintiff's cellular telephone.

47.   Upon information and belief, Advance America has no system in place to document whether they have consent to contact consumers on their cellular telephones.

48.   Upon information and belief, Advance America has no policies and procedures in place to honor consumers' requests that collection calls cease.

49.   Upon information and belief, Advance America knew that their collection practices were in violation of the TCPA, yet continued to employ them in order to maximize efficiency and profits.

50.   As a result of Advance America's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

51.   As a result of Advance America's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

    A.    a finding that Advance America violated 47 U.S.C. § 227 *et seq.*;

    B.    an award of statutory damages of at least $500.00 for each and every violation;

    C.    an award of treble damages of up to $1,500.00 for each and every violation; and

    D.    an award of such other relief as this Court deems just and proper.

## COUNT II:
### Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq.*)

52.    Paragraphs 12 through 39 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Fla. Stat. § 559.72

53.    Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

> (7)    Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

54.    Advance America violated Fla. Stat. § 559.72(7) by continuing to place phone calls to Plaintiff after being asked to cease.  See *Waite v. Fin. Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to cease).

55.    Advance America further violated Fla. Stat. § 559.72(7) by placing 3-5 phone calls to Plaintiff on March 18, 2020, April 8, 2020, May 6, 2020, May 7, 2020, and May 11, 2020.

56.    Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Advance America violated Fla. Stat. § 559.72(7);

B. an award of actual damages sustained by Plaintiffs as a result of Advance America's violation(s);

C. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demands a trial by jury of any and all issues in this action so triable of right.

DATED: May 12, 2020                     Respectfully submitted,

**RAYMOND P. BEGUHN**

By: *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com