# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

RAYMOND P. BEGUHN,

      Plaintiff,

v.                                         Case No: 8:20-cv-1099-T-36SPF

AARC, LLC,

      Defendant.

_____

## RELATED CASE ORDER
## AND TRACK TWO NOTICE

It is hereby **ORDERED** that, no later than fourteen days from the date of this Order, counsel and any *pro se* party shall comply with Local Rule 1.04(d), and shall file and serve a certification as to whether the instant action should be designated as a similar or successive case pursuant to Local Rule 1.04(a) or (b).   The parties shall utilize the attached form NOTICE OF PENDENCY OF OTHER ACTIONS.   It is

**FURTHER ORDERED** that, in accordance with Local Rule 3.05, this action is designated a **Track Two** case.   All parties must comply with the requirements established in Local Rule 3.05 for Track Two cases.   Counsel and any unrepresented party shall meet within sixty days after service of the complaint upon any defendant for the purpose of preparing and filing a Case Management Report.   The parties shall utilize the **attached** Case Management Report form.   Unless otherwise ordered by the Court, a party may not seek discovery from any source before the meeting.   Fed. R. Civ. P. 26 (d); Local Rule 3.05(c)(2)(B).   *Plaintiff is responsible for serving a copy of this notice and order with attachments upon each party no later than fourteen days after appearance of*

*the party.*

May 13, 2020

Charlene Edwards Honeywell
United States District Judge

Attachments: Notice of Pendency of Other Actions [mandatory form]
Case Management Report [mandatory form]
Magistrate Judge Consent / Letter to Counsel
Magistrate Judge Consent Form / Entire Case
Magistrate Judge Consent / Specified Motions

Copies to:   All Counsel of Record
All *Pro Se* Parties

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

RAYMOND P. BEGUHN,

      Plaintiff,

v.                                                         Case No: 8:20-cv-1099-T-36SPF

AARC, LLC,

      Defendant.

_____

## NOTICE OF PENDENCY OF OTHER ACTIONS

In accordance with Local Rule 1.04(d), I certify that the instant action:

_____ IS          related to pending or closed civil or criminal case(s) previously filed in this Court, or any other Federal or State court, or administrative agency as indicated below:

                            _____

                            _____

                            _____

                            _____

_____ IS NOT    related to any pending or closed civil or criminal case filed with this Court, or any other Federal or State court, or administrative agency.

I further certify that I will serve a copy of this NOTICE OF PENDENCY OF OTHER ACTIONS upon each party no later than fourteen days after appearance of the party.

Dated:

_____
Counsel of Record or *Pro Se* Party
    [Address and Telephone]

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

With the parties' consent, a district judge under 28 U.S.C. § 636(c) can refer any civil matter to a magistrate judge for any or all proceedings, including the resolution of any motion, a jury or non-jury trial, and entry of final judgment. Although the same law, rules, and procedure govern before both the district judge and the magistrate judge, reference to the magistrate judge often results in an earlier and more reliable trial date (a magistrate judge's trial calendar need not accommodate criminal trials, which are subject to the requirement of constitutional and statutory "speedy trial"). A final judgment entered by the magistrate judge is appealable directly to the United States Court of Appeals.

The parties can formalize consent to the magistrate judge on an AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," a copy of which is attached. Consent requires the signature of each party's counsel and the signature of any unrepresented party. The district judges of the Middle District of Florida request that each party and each counsel carefully consider the benefits to the public, to the court, and to the parties of consent to proceed before the magistrate judge. Of course, consent is entirely voluntary, and — without any adverse substantive consequence — a party for any reason can withhold consent and continue the action before the district judge.

Steven D. Merryday
Chief United States District Judge

Virginia M. Hernandez Covington
United States District Judge

Mary S. Scriven
United States District Judge

Roy B. Dalton, Jr.
United States District Judge

Brian J. Davis
United States District Judge

Carlos E. Mendoza
United States District Judge

Thomas P. Barber
United States District Judge

Timothy J. Corrigan
United States District Judge

Marcia Morales Howard
United States District Judge

Charlene Edwards Honeywell
United States District Judge

Sheri Polster Chappell
United States District Judge

Paul G. Byron
United States District Judge

William F. Jung
United States District Judge

Wendy W. Berger
United States District Judge

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RAYMOND P. BEGUHN,

      Plaintiff,

v.                                         Case No: 8:20-cv-1099-T-36SPF

AARC, LLC,

      Defendant.

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case,

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed names of parties and attorneys* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### REFERENCE ORDER

IT IS **ORDERED** that this case be referred to a UNITED STATES MAGISTRATE JUDGE for all further proceedings and order the entry of a final judgment in accordance with 28 U.S.C. 636(c), Fed. R. Civ. P. 73.

_____
DATE
HONEYWELL

_____
CHARLENE EDWARDS

UNITED STATES DISTRICT JUDGE

**NOTE:**    **RETURN THIS FORM TO THE CLERK OF COURT ONLY IF YOU ARE CONSENTING TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE. DO NOT RETURN THIS FORM TO A JUDGE.**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RAYMOND P. BEGUHN,

        Plaintiff,

v.                                              Case No: 8:20-cv-1099-T-36SPF

AARC, LLC,

        Defendant.

_____

**NOTICE, CONSENT, AND REFERENCE OF A DISPOSITIVE MOTION TO A MAGISTRATE JUDGE**

*Notice of a magistrate judge's availability.*   A United States magistrate judge of this court is available to conduct all proceedings and enter a final order dispositive of each motion.   A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have motions referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.   The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's consideration of a dispositive motion.*   The following parties consent to have a United States magistrate judge conduct any and all proceedings and enter a final order as to each motion identified below (*identify each motion by document number and title).*

    **MOTION(S)**       _____

                                  _____

Printed names of parties and attorneys        Signature of parties or attorneys        Date

_____    _____    _____

_____    _____    _____

_____    _____    _____

**REFERENCE ORDER**

    **IT IS ORDERED:**    The motions are referred to the United States magistrate judge to conduct all proceedings and enter a final order on the motions identified above in accordance with 28 U.S.C. § 636(c).

_____                            _____
      Date                                       CHARLENE EDWARDS HONEYWELL
                                              UNITED STATES DISTRICT JUDGE

NOTE:    RETURN THIS FORM TO THE CLERK OF COURT **ONLY IF** YOU ARE CONSENTING TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE. DO NOT RETURN THIS FORM TO A JUDGE.

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

RAYMOND P. BEGUHN,

      Plaintiff,

v.                                           Case No: 8:20-cv-1099-T-36SPF

AARC, LLC,

      Defendant.

_____

## CASE MANAGEMENT REPORT

**The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):**

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) [Court recommends 30 days after CMR meeting]** | |
| **Certificate of Interested Persons and Corporate Disclosure Statement [Each party who has not previously filed must file immediately]** | |
| **Motions to Add Parties or to Amend Pleadings [Court recommends 1 - 2 months after CMR meeting]** | |
| **Disclosure of Expert Reports Plaintiff: Defendant: [Court recommends 1 - 2 months before discovery deadline to allow expert depositions]** | |
| **Discovery Deadline [Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date]** | |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Dispositive Motions, *Daubert,* and *Markman* Motions [Court requires 5 months or more before trial term begins]** | |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement [14 days before Joint Final Pretrial Statement]** | |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (a Word or WordPerfect® version may be e-mailed to the Chambers mailbox), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) [Court recommends 3 weeks before Final Pretrial Conference]** | |
| **All Other Motions Including Motions *In Limine* [Court recommends 3 weeks before Final Pre-trial Conference]** | |
| **Final Pretrial Conference [Court will set a date that is approximately 3 weeks before trial]** | |
| **Trial Briefs [Court recommends 2 weeks before Trial]** | |
| **Trial Term Begins [Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms typically begin on the 1st business day of the first full week of each month; trials before magistrate judges will be set on a date certain after consultation with the parties]** | |
| **Estimated Length of Trial   [trial days]** | |
| **Jury / Non-Jury** | |
| **Mediation Deadline:**<br><br>**Mediator:**<br>**Address:**<br><br>**Telephone:** | |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline]** | |
| **All Parties Consent to Proceed Before Magistrate Judge** | **Yes____**<br>  **No____**<br><br>**Likely to Agree in Future _____** |

## I.  Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise.   Counsel will meet in the Middle District of Florida, unless counsel agree on a different location.   Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held in person on _____ (date) at _____ (time) at _ (place) and was attended by:

<u>Name</u>                                                    <u>Counsel for (if applicable)</u>

## II.  Pre-Discovery Initial Disclosures of Core Information

### Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by

---

[1]A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties _____ have exchanged _____ agree to exchange (check one)

information described in Fed.R.Civ.P. 26(a)(1)(A) - (D)

on                        by(check one)                    _____ (date).

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

## III.    Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

_____   No party anticipates the disclosure or discovery of ESI in this case;

_____ One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

---

[2]   See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26 (f) and Rule 16.

A.   The form or forms in which ESI should be produced.

B.   Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought

.

C.   Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D.   The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E.   The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F.   Any issues relating to preservation of discoverable ESI.

G.   Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502.   If the parties

agree that a protective order is needed, they shall attach a copy of the proposed order

to the Case Management Report.   The parties should attempt to agree on protocols

that minimize the risk of waiver.   Any protective order shall comply with Local Rule 1.09

and Section IV. F. below on Confidentiality Agreements.


H.   Whether the discovery of ESI should be conducted in phases, limited, or

focused upon particular issues.


Please state if there are any areas of disagreement on these issues and, if so,

summarize the parties' position on each:

_____

_____

_____

_____


If there are disputed issues specified above, or elsewhere in this report, then (check

one):

_____ One or more of the parties requests that a preliminary pre-trial conference

under Rule 16 be scheduled to discuss these issues and explore possible resolutions.

Although this will be a non-evidentiary hearing, if technical ESI issues are to be

addressed, the parties are encouraged to have their information technology experts with

them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

____ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**IV.    Agreed Discovery Plan for Plaintiffs and Defendants**

**A.    Certificate of Interested Persons and Corporate Disclosure Statement**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.   No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.   A motion, memorandum, response, or other paper  —  including emergency motion  —  is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.   Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

_____    Yes

_____    No                 Amended Certificate will be filed by _____

                               (party) on or before  _____ (date).

**B.    Discovery Not Filed   —**


The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.   The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f).   The parties further agree as follows:



**C.     Limits on Discovery   —**


Absent leave of Court, the parties may take no more than ten depositions per side (not per party).   Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts.   Fed.R.Civ.P. 33(a); Local Rule 3.03(a).   Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2).   The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order.   Fed.R.Civ.P. 29.   In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1.     Depositions

2.      Interrogatories

3.      Document Requests

4.      Requests to Admit

5.      Supplementation of Discovery

**D.     Discovery Deadline  —**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.   The Court may deny as untimely all motions to compel filed after the discovery deadline.   In addition, the parties agree as follows:

**E.      Disclosure of Expert Testimony   —**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e).   Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.   Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.   The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

**F.      Confidentiality Agreements —**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.   The Court is a public forum, and disfavors motions to file under seal.   The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.   *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).   A party seeking to file a document under seal must file a motion to file under seal

requesting such Court action, together with a memorandum of law in support.   The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential."   There is no need for the Court to endorse the confidentiality agreement.   The Court discourages unnecessary stipulated motions for a protective order.   The Court will enforce appropriate stipulated and signed confidentiality agreements.   *See* Local Rule 4.15.   Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."   With respect to confidentiality agreements, the parties agree as follows:

**G.     Other Matters Regarding Discovery —**

**V.**     **Settlement and Alternative Dispute Resolution**.

    **A.**     **Settlement —**

The parties agree that settlement is

_____   likely _____   unlikely                    (check one)


The parties request a settlement conference before a United States Magistrate Judge.

yes _____   no_____           likely to request in future _____


    **B.**     **Arbitration —**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case.   Do the parties agree to arbitrate?

yes _____           no _____           likely to agree in future _____

_____ Binding                    _____Non-Binding


    **C.**     **Mediation —**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.   The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.   The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

    **D.**     **Other Alternative Dispute Resolution —**

The parties intend to pursue the following other methods of alternative dispute resolution:

Date: _____

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____